Alright, our second case this morning is number 19-10479, Derrick Wynn v. City of Griffin, Georgia, et al. Mr. Howard. May it please the court, I'm James W. Howard, representing Derrick Wynn, the plaintiff and the appellant in a 1983 civil rights action. Mr. Wynn was a hospital security officer who was maliciously prosecuted for using minimal force to restrain a hostile, aggressive, and intoxicated patient. The district court granted a summary judgment to the defendants despite accurate findings of fact that virtually established the defendants' misconduct and liability. This appeal addresses four interrelated issues that I've tried to separate so that they make a little more sense, but they do tend to overlap both in terms of the underlying facts and the law. First issue being roughly the issue of the scope of qualified immunity for a rookie police officer with no investigative training or experience who fabricated evidence to prosecute a serious felony offense with no arguable probable cause for that criminal prosecution. Second issue is the scope of qualified immunity for that same police officer who deliberately ignored readily available evidence to fabricate probable cause for the criminal prosecution. Third issue is the scope of sovereign immunity for a police department that permitted, facilitated, and even promoted this absurdly flawed investigation. And finally, the scope of a district court's discretion to exclude the opinions of a qualified expert witness on police practices. The appellant essentially agrees with the district court's analysis of the evidence. The district court correctly found that the police officer obtained an arrest warrant to prosecute the case based on false information and without arguable probable cause. However, the district court still erred in deciding that the defendants were entitled to summary judgment based on qualified immunity. The two primary precedents that I'm relying upon, of course we've cited multiple precedents in the appellate briefs, but the two overriding precedents are Franks v. Delaware at 438 U.S. 154 and Kingsland v. City of Miami at 382 F. 3rd 1220, a case decided by this court in 2004. Mr. Howard, can I ask you a question? This is Judge Jordan. Yes, sir. Those Franks v. Delaware comes from the criminal context and when someone can challenge information that's been obtained through the submission of a false affidavit by a law enforcement official. And that case aligns with your argument and the district court's ruling that there was no probable cause or arguable probable cause for the aggravated battery charge. But how does that case get to the issue of whether or not there was probable cause or arguable probable cause for a simple battery arrest? Well, that is obviously going to be part of my argument and I can go right there in response to your question. There is a misunderstanding, I think, by the district court and an understandable misunderstanding as to what that means. There is case law that supports the premise that if a police officer arrests someone for a criminal offense and it turns out that they only have probable cause for a different criminal offense, then they are still protected by the shield of qualified immunity. They can't be expected to necessarily get that right. But that's not the situation that we have here. What we have in the situation here is where an officer undergoes an investigation of a very serious charge, an aggravated battery charge, a felony with a maximum sentence of 20 years in prison, and having gone through that investigation, obviously does not have arguable probable cause based upon the evidence and the court's ruling, doesn't have arguable probable cause to support that prosecution, and doesn't pursue any other prosecution. But post hoc, the opposing party rationalizes that and the district court accepted the rationalization that, well, perhaps there was arguable probable cause for a misdemeanor offense, and that that can therefore shield the officer with qualified immunity. There is a wealth of legal authority on that very issue. And I start, I'm not sure where it is on the brief, but when an officer, and I'm quoting from Holmes v. Village of Hoffman Estates, a Seventh Circuit case, when an officer prepares and signs a criminal complaint, he typically will have more of an opportunity to reflect on the nature and ramifications of the accused's conduct than he did in making the arrest. It is reasonable to demand that each charge that a police officer elects to lodge against the accused be supported by probable cause. Otherwise, police officers would be free to tack a variety of baseless charges onto one valid charge with no risk of being held accountable for their excess. Can I interrupt you, please? Mr. Howard, let me interrupt you again. Yes. Does that go to your argument about the lack of investigation based on Kingland, or are you making a separate argument that the concept of arguable probable cause cannot extend to lesser included offenses? It cannot exclude to lesser. I do want the court to distinguish between a situation where an officer is making an arrest and a situation where an officer is conducting an investigation. There's a case that has language directly on point out of the Second Circuit. Otherwise, officers could add unsupported serious charges to legitimate minor charges with impunity. Even if you have, and I'll say arguable probable cause, because that's the most that they have, that a simple battery was committed, that is a very minor charge. And to tack onto that a very serious felony offense of aggravated battery is not justified. And we'll support in 1983 a legal claim that very, very minor offense would not establish arguable probable cause for the felony offense. And there's ample authority in my brief on that point. Mr. Howard, hold on. Judge Anderson wants to ask you a question. Sure. Your Honor. The problem, we realize that there is law in other circuits, the Seventh Circuit and the Second Circuit, supporting your position. But even if we adopted that law, it wouldn't be clearly established, and it wouldn't help you in this case. Because our law is fairly clear that if there is probable cause or even arguable probable cause for any offense, then a 1983 Fourth Amendment claim is defeated. We've said that in several cases. I have three responses to that. The first is that there is authority in this circuit that supports my position, and I think very clearly supports my position. And I'll cite the court to Elmore v. Fulton County School District at 605 Federal Appeal, Federal Appendix, I'm sorry, 906. And to Ubo v. Reno, U-B-O-H v. Reno at 141 F. 3rd, 1000. What we're talking about here is not only a logical, and there's a very recent case, in fact, came out this year in Florida, Rose v. Robbins, 2019 Westlaw 1160828. All of this clearly establishes this principle that you can't justify a felony prosecution based upon a misdemeanor offense. They're just so graphically different. The second issue, of course, is that there is a jury, even if you could find arguable probable cause in this case, it would be a jury issue. Because there is ample evidence before that would be presented to a jury that there was no arguable probable cause even for a misdemeanor prosecution in this case. Counsel, you have two-minute warning. I'm sorry? Counsel, two-minute warning. Oh, thank you. There's ample probable – there's very – Mr. Howard, Judge Choflat. I'm sorry? Yes, Judge. Yes, Your Honor. What is the constitutional violation here? The – They went into the magistrate and got an arrest warrant, but he was never taken into custody. He walked out of the police station and bailed himself out, but was never in custody. So what is the – which constitutional provision was violated in this case? He did have to turn himself in. He was in custody. He was prosecuted as a result of – No, no, no, no. The complaint doesn't say he was taken into custody. It says he went downtown and bailed himself out. He turned himself in and was detained until he was booked and released. Is your contention that when he went downtown, he was seized? I'm sorry? He did not have a seizure. Yes, that is correct. He was seized. I just want to emphasize the point that there was no misdemeanor – I'm sorry? I didn't mean to interrupt you. Is your argument that the issuance of an arrest warrant constitutes a seizure? The issuance of the warrant itself does not constitute the seizure. All right. When does a seizure occur? A seizure occurs when he is seized. He is seized when he is either arrested or turns himself in on the warrant. He was not arrested. He was not taken into custody. So when does a seizure occur? With all due respect, Your Honor, I believe that the court is mistaken on that. It would be my position – I'm looking at your complaint. Well, I don't have the complaint in front of me, but I know what happened. The complaint doesn't say anything like that. I would be surprised if it doesn't, because he obviously turned himself in and was detained. In paragraph 29 of the complaint, on October 29, Plaintiff voluntarily turned himself in at the Spalding County Sheriff's Office and posted bail. Right. Wait a minute. I'm sorry, Your Honor. Was that a seizure? Yes. All right. Yes. The major point that I wanted to make in response to the question – So the officer is responsible for the seizure? Yes. Okay. Yes. The major point I wanted to make in response to the prior question is that there was no misdemeanor prosecution ever contemplated by anybody. This is a post hoc rationalization. At the time, the case was only prosecuted for aggravated battery. When the District Attorney's Office got it and analyzed it, they decided that no crime had been committed whatsoever, and based upon that, they dismissed the case entirely as opposed to even contemplating some kind of misdemeanor prosecution. So I submit to the Court that there is no arguable probable cause for even a misdemeanor prosecution, and if there arguably was, it would certainly be a jury issue. I think one of the flaws in the opposing argument is that they take the position that the officer does not have to consider defenses to the misdemeanor prosecution. If they can somehow rationalize that a misdemeanor could have been prosecuted if they had thought about it, then that is sufficient to avoid the – in order to create the shield of qualified immunity. I think the example that I put in the brief is somewhat absurd but very accurate under the circumstances. I gave an example of an elderly woman. Mr. Howard, your time has run. So if you want to keep your full time for rebuttal, you can stop now or you can eat into that time. Your choice. I will save it for rebuttal. Okay. Thank you very much. Ms. Couch? Ms. Couch? Ms. Couch? Ms. Couch, are you on the line? Valerie, can you check and see if we've lost Ms. Couch? Ms. Couch? Judge Jordan, this is Tom Barrera. For some reason I'm unmuting her and it's showing she's unmuted, but let me work on that. Give me two seconds, please. Okay. Thank you. Okay.